**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4759**

───────────────

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

SIVIANNY JULIAN ARCE-CAMPOS, a/k/a Sivianny Arce,

     Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:13-cr-00112-GRA-1)

───────────────

Submitted:  March 28, 2014      Decided:  May 7, 2014

───────────────

Before KING, KEENAN, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, Max B. Cauthen, III, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sivianny Arce-Campos appeals his conviction and thirty-four-month sentence imposed following his guilty plea to false use of a social security number (Count One), in violation of 42 U.S.C. § 408(a)(7)(B) (2006), and aggravated identity theft (Count Three), in violation of 18 U.S.C. § 1028A(a)(1) (2012). On appeal, Arce-Campos' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review but questioning whether the district court committed procedural sentencing error by failing to provide an adequate explanation for the sentence imposed. Arce-Campos was notified of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de

2

novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). To establish plain error, Arce-Campos must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). Even if these requirements are met, we will "correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

The Guidelines provide for a two-level upward adjustment to the base offense level applicable to a fraud offense involving ten or more victims. U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(2)(A) (2012). We sought supplemental briefing to address whether the presentence report ("PSR") failed to provide adequate facts to support a finding that Arce-Campos' offense involved ten or more victims and, if so, whether the district court plainly erred in imposing an enhancement under USSG § 2B1.1(b)(2)(A). After reviewing these supplemental briefs, we conclude any error in imposing this enhancement is not reversible. Arce-Campos concedes as much, and suggests a strategic reason for declining to challenge the enhancement. Given this concession, and absent further evidence in the record to undermine the enhancement's factual basis, we

3

are unable to conclude that the district court plainly erred in imposing the enhancement. See Henderson, 133 S. Ct. at 1126; Nicholson, 676 F.3d at 381.

Arce-Campos questions whether the district court adequately explained the basis for its chosen sentence. In explaining a sentence, the district court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Lynn, 592 F.3d at 584 (internal quotation marks omitted). The court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). Rather, it need only provide "some indication" that it considered the § 3553(a) factors as they apply to the defendant and any nonfrivolous arguments raised by the parties. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).

We find no error in the district court's explanation. The court specifically indicated its consideration of the § 3553(a) factors on the record, justifying its sentence based on the need for deterrence, just punishment, and protection of the public. Although the court did not expressly address Arce-Campos' arguments for a downward variance on Count One, the

4

record demonstrates that the court considered his arguments, as it denied his request for voluntary surrender.  We conclude the court's explanation was sufficiently detailed to provide an individualized assessment and to justify the sentence imposed.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Arce-Campos' conviction and sentence.  This court requires that counsel inform Arce-Campos, in writing, of the right to petition the Supreme Court of the United States for further review.  If Arce-Campos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Arce-Campos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED